NO. 07-03-0120-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 6, 2003


______________________________



IN RE JAMES WARREN BRIGHT
,




 Relator

_________________________________



 ON MOTION FOR REHEARING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pending before the court is the motion of James Warren Bright to "Reinstate Petition
for Writ of Mandamus." We construe the motion as one for rehearing since he is asking
us to reconsider our prior opinion and judgment entered in this cause. He contends that
his petition for writ of mandamus should be reinstated because he corrected the
deficiencies we previously found extant in it. We overrule the motion.

 Assuming arguendo that the amended petition complies with the procedural rules
relating to the form of the petition, its content nevertheless remains lacking. Simply put,
Bright is obligated to illustrate that the trial court clearly abused its discretion in executing
the order about which he complains before the writ can issue. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). Since the order in question concerns the appointment of
counsel under art. 64.01(c) of the Texas Code of Criminal Procedure, this means that he
must show that he was indisputably entitled to counsel under that statute. (2) That is, he
must establish that he sought to file a motion for forensic DNA testing under Chapter 64
of the Code of Criminal Procedure and that he was indigent. Regarding the latter element,
Bright states that along with the motion for appointed counsel filed below, he included an
affidavit of indigence. It is not before us, however. Nor has Bright cited us to anything of
record establishing that he was indigent at the time the trial court denied his motion for
appointed counsel. Moreover, our own review of the highly abbreviated record before us
uncovered no evidence illustrating his purported indigence at that time. (3) Consequently, we
cannot say that the trial court clearly abused its discretion in denying his motion for
appointed counsel, and because we cannot, we overrule the motion for rehearing.

 

 Brian Quinn

 Justice


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Chapter 64 of the Code of Criminal Procedure concerns forensic DNA testing of those previously
convicted. Article 64.01(c) of the Code states that a "convicted person is entitled to counsel during a
proceeding under this chapter" if he "informs the convicting court that . . . [he] wishes to submit a motion under
this chapter and if the court determines that the person is indigent . . . ." Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2003). 
3. Bright has filed with us a document purporting to illustrate his indigence for purposes of prosecuting
his request for mandamus relief. But, nothing illustrates that this same document was before the trial court
at the time it denied his request. Nor does the record illustrate that the economic situation described in the
document was that portrayed to the trial court. 


e">Hunter v. State, 955 S.W.2d 102, 107 (Tex.Crim.App. 1997)). When, as here,
the trial court does not file findings of fact, we view the evidence in the light most favorable
to the trial court's ruling and assume the trial court made implicit findings of fact that
support its ruling as long as those findings are supported by the record. Carmouche v.
State, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000).

 A police officer may stop and briefly detain persons reasonably suspected of
criminal activity, even if probable cause to arrest is not then present. See Terry v. Ohio,
392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The reasonableness of the
detention must be examined in terms of the totality of the circumstances and is justified
when the detaining officer has specific articulable facts leading to a reasonable conclusion
that the person to be detained is, has been, or soon will be engaged in illegal activity. 
Woods v. State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). Considering the facts known
to the officer here, we conclude that he was justified in detaining appellant.

 Officer Torres testified that, immediately prior to the stop, he was investigating a
report of four suspicious males seen looking in windows at an apartment complex shortly
before four o' clock in the morning. The officer was aware that the apartment complex had
a reputation for drug activity. Dispatch informed him that the suspicious persons left the
scene in a red Grand Am and he was provided with the vehicle's license plate number. 
Seven minutes after being dispatched, he observed a vehicle which fit the description and
displayed the same license plate number. He testified that he initiated the investigatory
detention to determine what the occupants were doing at the apartment complex. He
subsequently discovered appellant had several outstanding warrants for his arrest. Based
on this evidence, considering the totality of the circumstances, we conclude Officer Torres
had reasonable suspicion to believe that appellant's vehicle was, had been, or would soon
be engaged in illegal activity based on the specific articulable facts provided by dispatch. 
See, e.g., Sanders, 992 S.W.2d at 742 (officer dispatched to attempted burglary observed
defendant driving away from the scene); Richardson v. State, 753 S.W.2d 759, 767,
(Tex.App.-Dallas 1988, no pet.) (description of defendant and his vehicle matched that
provided by dispatcher). 

 By his brief, appellant maintains his detention was not justified because the
evidence fails to establish that he was in a suspicious place and guilty of or about to
commit some offense as required by article 14.03(a)(1)of the Texas Code of Criminal
Procedure. However, his reliance on this provision is misplaced. Article 14.03 pertains to
the authority of peace officers to conduct a warrantless arrest as opposed to a temporary
investigative detention. See Tex. Code. Crim. Proc. Ann. art. 14.03(a) (Vernon 2005). 
With respect to the latter, law enforcement officers may stop and briefly detain persons
suspected of criminal activity on less information than is constitutionally required for
probable cause to arrest. Terry, 392 U.S. at 22; Crockett v. State, 803 S.W.2d 308, 311
(Tex.Crim.App. 1991).

 Viewing the evidence in the light most favorable to the trial court's ruling, we find the
trial court did not err in denying appellant's motion to suppress.

 Accordingly, the trial court's judgment is affirmed. 


 Mackey K. Hancock

 Justice




Do not publish. 
1. At the conclusion of the testimony at the motion to suppress hearing, the court
requested that counsel present their arguments by brief.